UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOSEPH MILLER**<br>6549 Quiet Hours, Apt. T3<br>Columbia, Maryland 21045<br><br>*Plaintiff*,<br>v.<br><br>**SOR SCHOOLS III, LLC**<br>1 Wattles Street<br>Canton, Massachusetts 02021<br><br>    **SERVE ON:**<br>    CSC-Lawyers Incorporating Service Co.<br>    Resident Agent<br>    7 St. Paul Street, Suite 820<br>    Baltimore, Maryland 21202<br><br>**SCHOOL OF ROCK, LLC**<br>1 Wattles Street<br>Canton, Massachusetts 02021<br><br>    **SERVE ON:**<br>    Corporation Service Company<br>    Resident Agent<br>    84 State Street<br>    Boston, Massachusetts 02109<br><br>*Defendants.* | Civil Action No. _____ |

**COMPLAINT AND JURY DEMAND**

Plaintiff Joseph Miller ("Plaintiff" or "Mr. Miller"), by and through his undersigned counsel, James M Ray, II and Ray Legal Group, LLC, hereby files suit against SOR Schools III, LLC and School of Rock, LLC and states as follows:

## THE NATURE OF THE ACTION

This is Plaintiff's civil action against SOR Schools III, LLC and School of Rock, LLC, seeking damages and/or other legal relief, including for the Defendants' violation of Mr. Miller's rights under the federal Family and Medical Leave Act ("FMLA"), codified at 29 U.S.C. § 2601, *et seq.*

## THE PARTIES

1. Plaintiff Joseph Miller is a Maryland citizen and a resident of Howard County, Maryland.

2. Defendant SOR Schools III, LLC is a Delaware corporation with its principal office located in Howard County, Maryland.

3. Defendant School of Rock, LLC is a Delaware corporation with its principal office located in Massachusetts.

4. Each Defendant, at all times, was acting through its employees, servants, agents, or other affiliates as to the matters alleged herein.

## JURISDICTION & VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

6. The Plaintiff's FMLA cause of action is authorized by 29 U.S.C. § 2617(a)(2). The Plaintiff has a right to jury trial under the FMLA.

7. Venue is proper in this District under 28 U.S.C. § 1391, where a substantial part of the events giving rise to Plaintiff's claims occurred.

8. The Plaintiff has complied with all conditions precedent, administrative requirements, and/or legal preconditions to properly file and pursue this civil action and has exhausted any and all required administrative remedies. This civil action is lawfully filed in this

Court.  All conditions precedent have occurred or been performed.

## FACTS COMMON TO ALL COUNTS

9. Mr. Miller was employed by Defendant SOR Schools III, LLC and Defendant School of Rock, LLC (collectively, the "Defendants") as a music instructor at the "School of Rock" Columbia, Maryland location.  At that location, Mr. Miller taught music to children of various ages.  Mr. Miller ultimately was promoted to the position of "Music Director."

10. On or about January 29, 2020, Mr. Miller attended a performance review at the Columbia, Maryland location along with Cody Carr, the General Manager of the Columbia. Maryland location, and a representative from School of Rock's Human Resources Department, who participated by telephone.  During the meeting, the Defendants complained about Mr. Miller's absences from work.  Although Mr. Miller indicated that the Defendants' calculation of the amount of days that he was absent was over-exaggerated and incorrect, Mr. Miller told the Defendants that when he was not at work his absences were due to his medical conditions.  Specifically, Mr. Miller told the Defendants that he had been previously diagnosed with extreme anxiety and depression, and that he will suffers from those serious medical conditions, which will require that, from time to time, he will need to be absent from work.  The Defendants' Human Resources representative understood Mr. Miller to be requesting intermittent FMLA leave due to his conditions and promised Mr. Miller that he would be sent FMLA related documents that would need to be filled out by Mr. Miller and his medical providers.  However, the Defendants never provided any FMLA related documents to Mr. Miller or provided notice to Mr. Miller of his eligibility and rights under the FMLA.

11. On September 4, 2020, the Defendants, by a letter from Mary Conner, the Vice-Present of Human Resources, terminated Mr. Miller's employment with the Defendants.  Mr.

Miller was terminated, in whole or in part, due to absences from work because of his extreme anxiety and depression. Those absences were eligible for intermittent leave under the FMLA.

12. Any non-discriminatory justification for Mr. Miller's termination was a pretext. Mr. Miller's supervisors frequently commented on their happiness and satisfaction with his productivity and work.

## COUNT I
### FMLA Interference -- 29 U.S.C. § 2615(A)(2)

13. The Plaintiff incorporates the preceding paragraphs as if set fully herein.

14. Each Defendant is an "employer" covered by the FMLA, as it employs fifty (50) or more employees for each work day during each of twenty (20) or more calendar workweeks. *See* 29 U.S.C. § 2611(4)(A)(i).

15. Plaintiff is an "eligible employee" under the FMLA as he had been employed by Defendants, and had been working under the supervision and control of the Defendants for more than twelve (12) consecutive months, and during this time period worked at least 1,250 hours within the twelve (12) month period immediately preceding Plaintiff's need for leave.

16. 29 U.S.C. § 2615(a)(1) of the FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by this subchapter."

17. The Defendants interfered with the Plaintiff's rights under the FMLA by not informing the Plaintiff of his eligibility and rights under the FMLA and by terminating the Plaintiff, in whole or in part, because of absences caused by the Plaintiff's serious medical conditions that were eligible for intermittent FMLA leave.

18. As a direct and proximate cause of Defendants' unlawful actions, the Plaintiff was prejudiced, and has suffered substantial pecuniary losses.

## COUNT II
## FMLA Retaliation -- 29 U.S.C. § 2615(A)(2)

19. The Plaintiff incorporates the preceding paragraphs as if set fully herein.

20. Each Defendant is an "employer" covered by the FMLA, as it employs fifty (50) or more employees for each work day during each of twenty (20) or more calendar workweeks. *See* 29 U.S.C. § 2611(4)(A)(i).

21. Plaintiff is an eligible "employee" under the FMLA as she had been employed by Defendants, and had been working under the supervision and control of Defendants for more than twelve (12) consecutive months, and during this time period worked at least 1,250 hours within the twelve (12) month period immediately preceding Plaintiff's need for leave.

22. 29 U.S.C. § 2615(a)(2) of the FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

23. The Plaintiff engaged in protected activity when he advised the Defendants that he suffered from severe anxiety and depression and explained that his prior absences were due to those serious medical conditions.

24. As a direct and proximate cause of Plaintiff engaging in protected activity, the Defendants intentionally retaliated against the Plaintiff by not informing the Plaintiff of his eligibility and rights under the FMLA and/or by terminating the Plaintiff.

25. As a direct and proximate cause of Defendants' wrongful actions, the Plaintiff was prejudiced, and has suffered substantial pecuniary losses.

WHEREFORE, Plaintiff Joseph Miller respectfully prays that this Court grant the following relief:

a. An order permanently enjoining and restraining each Defendant, their agents, officers, servants and employees from interfering and retaliating against other employees due to an employee use of FMLA;

b. Compensation for back pay, front pay, and compensation for other lost employment benefits, liquidated damages, compensatory damages, punitive damages, and costs and reasonable attorneys' fees against the Defendants in the amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

c. Reinstatement; and

d. Any and all additional relief as the Court may deem just and proper.

Respectfully Submitted,

**RAY LEGAL GROUP, LLC**

By: /s/ James M. Ray
James M. Ray, II (#012773)
jim.ray@raylegalgroup.com
8720 Georgia Avenue, Suite 803
Silver Spring, Maryland 20910
Phone: (301) 755-5656
Fax:    (301) 755-5627

*Attorneys for Plaintiff*

**PRAYER FOR JURY TRIAL**

Plaintiff Joseph Miller demands a trial by jury as to all issues so triable.

/s/ James M. Ray, II
James M. Ray, II